WHITNEY-DIERKS HEATING CORP., Claimant, *v*. STATE OF NEW YORK, Defendant. (Claim No. 32625.)

Court of Claims, March 23, 1955.

*Edward F. Layden* for claimant.

*Jacob K. Javits, Attorney-General (Quentin E. Grant* of counsel), for defendant.

SYLVESTER, J. The claim is in contract. The cause of action alleged in paragraph 11 of the claim has been severed and disposed of and is not here at issue.

On April 21, 1949, claimant agreed with the State to furnish labor, material and appliances for building heating work in Building 98, at Hudson River State Hospital, Poughkeepsie, N. Y. The defendant directed the claimant to install " stainless

steel duct work '' at various parts of the building, despite claimant's contention that the contract permitted the installation of galvanized iron duct work. The work, however, was done under protest and accepted by the State on or about May 14, 1954.

The recovery sought is the difference between the cost of the stainless steel duct work and the cost of galvanized iron duct work.

The particular dispute relates to the construction or interpretation of the pertinent contract specification which determines the kind of ventilating duct work required to be installed by the claimant under the contract in suit.

Section 30-B, article 3061, paragraph 47 of the contract specifications, is the only printed specification of the contract relating to stainless steel duct work and reads as follows: '' 47. *Stainless Steel* vent ducts are required from Kitchen, Serving Rooms, Hoods and elsewhere where indicated on the drawings as stainless steel.'' Paragraph 48, dealing with galvanized work, reads: '' 48. *Galvanized Sheet Steel* — All ducts not otherwise noted on the drawings or specified shall be constructed of galvanized sheet steel.'' It is to be noted that paragraph 47 expressly specifies the words '' Kitchen, Serving Rooms and Hoods ''. The State argues that this required claimant to install stainless steel ducts from kitchens, serving rooms and hoods, since these locations are specifically set forth; that if stainless steel ducts had been required by the State to be installed in or from locations other than kitchens, serving rooms and hoods, these other locations would have been noted on the drawings as '' stainless steel '', in conformity with the terms of paragraph 48. This view finds support in the language of paragraph 48, quoted above, which requires that all ducts not otherwise noted on the drawings or *specified* shall be constructed of galvanized sheet steel, the word '' specified '' having reference to the specification in paragraph 47 requiring installation of stainless steel ducts from '' kitchens, serving rooms and hoods.'' This makes for a sound reading of the pertinent specifications. There would be no need to incorporate into paragraph 47, by specific reference, the places (e.g. kitchen, etc.) where stainless steel duct work was required to be performed when, obviously, it could simply have stated that stainless steel would be required where indicated on the drawings. Thus, paragraph 47 must be read as specifying the places where '' stainless steel '' is required to be installed in any event, regardless of any reference to the drawings; and that when required in places other than '' Kitchen, Serving Rooms and Hoods '' it is to be indicated on the drawings.

Any claimed ambiguity in the specification is readily resolved in favor of the State. Claimant's president has had a vast experience with contracts of the instant type. He assisted in the preparation of the bid and estimate in this case and was familiar with the contract specifications and drawings. Available to him, also, were the complete drawings and specifications on file, an inspection of which would have directed his attention to drawing No. 46–116 and which bears the notation, " exhaust ducts for main kitchen and diet kitchen hoods to be stainless steel." Other provisions of the printed contract specifications and drawings indicate with a fair degree of clarity that the duct work, running from kitchen, serving rooms and hoods, was required to be of stainless steel. Accordingly, judgment is directed dismissing the claim. Findings have been passed upon.