■ WHITNEY-DIERKS HEATING CORP., Appellant, v. STATE OF NEW YORK, Respondent. (Claim No. 32625.) — Claimant appeals from a judgment of the Court of Claims, which dismissed its claim for breach of contract. Claimant was awarded the heating contract, which included ventilating ducts, in connection with the construction of a nine-story building at Hudson River State Hospital. Claimant contends that it was required to install and did install, under protest, a greater quantity of stainless steel ducts than called for by the contract and specifications. The basis of the claim is the difference in cost between stainless steel ducts and galvanized iron ducts, claimant contending that the specifications called for the latter at all locations except the ninth floor. The pertinent provisions of the contract read: " 47. Stainless steel vent ducts are required from Kitchen, Serving Rooms, Hoods and elsewhere where indicated on the drawing as stainless steel." " 48. Galvanized Sheet Steel.— All ducts not otherwise noted on the drawings or specified shall be constructed of galvanized sheet steel." Claimant would interpret these provisions to mean that stainless steel ducts were to be used only where actually specified on the drawings, submitted as a part of the contract. A drawing of the ninth floor specifically indicated stainless steel ducts, and claimant urges that stainless steel was required on that floor only. We do not think the quoted provisions of the contract may be so construed. Clearly both provisions expressly contemplate two categories where stainless steel was to be used: (1) where " specified ", and (2), where shown on drawings. As the court below observed, if stainless steel were to be used only where shown on the drawings, there was no need to specify " Kitchen, Serving Rooms, Hoods " in provision " 47 " of the contract, or the words " or specified " in provision " 48 ". A drawing containing the notation, " Exhaust ducts for main kitchen & diet kitchen hoods to be of stainless steel," was on file and available to claimant, although not part of its contract. One of the drawings accompanying the specifications for heating work submitted to claimant contained the notation, in two places: " For stainless steel ducts, see mech dw'gs. Not in construction contract." Moreover, when claimant submitted a detailed estimate of the quantities and prices

of materials to be used, as required by the contract, the State promptly notified it that the quantity of stainless steel was inadequate and the quantity of galvanized iron was excessive. Claimant then revised upward its estimate of stainless steel, but later withdrew the revision. The court below correctly interpreted the contract, and the evidence sustains the decision. Judgment and order unanimously affirmed, with costs. Present — Foster, P. J., Bergan, Coon, Halpern and Gibson, JJ. [207 Misc. 423.]